UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSOLIDATED COMPANIES, INC.                     CIVIL ACTION

VERSUS                                           NO. 13-4704

GENERAL ELECTRIC CAPITAL, CORP.                  SECTION "B"(5)

## ORDER AND REASONS

This case arises out of a financing agreement between
Plaintiff Consolidated Companies Inc. (Consolidated) and
Defendant General Electric Capital Corp. (GECC). On March 14,
2014 the Court issued an Order and Reasons denying Consolidated's
Motion for Judgement on the Pleadings. (Rec. Doc. No. 92). Among
other holdings, the Court found that GECC could assert claims as
a third-party beneficiary to the GECC Escrow Agreement. The Court
further ordered supplemental briefing on Consolidated's Motion to
Compel Arbitration (Rec. Doc. No. 33) and Comerica Bank's
(Comerica) competing Motion to institute an interpleader action
with the Court (Rec. Doc. No. 28). All parties have since filed
supplemental memorandums on the issue of arbitration.
Consolidated additionally filed a separate "Supplemental Motion
to Compel Arbitration, Or, In The Alternative To Stay Pending
Arbitration." (Rec. Doc. No. 97). That Motion asks the Court to
stay ruling pending resolution of an arbitration proceeding
initiated prior to the filing of this case by Consolidated
against Reinhart FoodService Louisiana, L.L.C. (Reinhart) and

1

Comerica regarding the Escrow Agreement. The arbitration is styled AAA Arbitration No. 51 467 403 13; *Consolidated Companies, Inc. v. Reinhart Foodservice Louisiana, L.L.C., et al.* and presently pending in Chicago, Illinois. The arbitrator stayed the arbitration on October 10, 2013 pending rulings from this Court.(Rec. Doc. No. 54-1).

Accordingly, and for the reasons enumerated below **IT IS ORDERED** that Comerica's Motion to Deposit Funds Into the Court's Registry (Rec. Doc. No. 28) is **GRANTED**. Comerica, following its deposit of funds with the Court, is dismissed from the instant case with the Court maintaining jurisdiction over it for the limited purpose of considering Comerica's claim for attorneys' fees.

**IT IS FURTHER ORDERED** that Consolidated's Motion to Compel Arbitration (Rec. Doc. No. 33) and Supplemental Motion to Compel Arbitration or In the Alternative Motion to Stay (Rec. Doc. No. 97) are **DENIED**.

## Law and Analysis

The Fifth Circuit provides a two-step test for determining whether a district court should compel arbitration. First, the court must determine whether an agreement to arbitrate exists. *Pers. Sec. & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir.2002). Second, the Court must determine whether the dispute in question falls within the scope of that arbitration

2

agreement. *Id.* Doubts as to whether an agreement expressly
provides for arbitration are usually resolved in favor of
arbitration. *Id.*

Here, the answer to both inquires is clear from the record.
Although the Escrow Agreement in question does have an
arbitration clause, the clause's scope does not cover the instant
dispute.

The Escrow Agreement arbitration provision reads:

> All disputes between the Seller [Consolidated]  and/or the
> Buyer [Reinhart], on the one hand, and the Escrow Holder
> [Comerica] on the other hand, relating to the payment of the
> Escrow Funds and/or the Escrow Holders' [Comerica] rights,
> obligations, and liabilities arising from or related to this
> Agreement shall be resolved by mandatory binding expedited
> arbitration . . . .

Escrow Agreement, Rec. Doc. No. 23-1, Ex. C at ¶ 4.2(a)

As is apparent from a reading of the provision, the
arbitration requirement is limited to certain disputes
–specifically those disputes with Consolidate and/or Reinhart on
one side of the conflict, and Comerica on the other. The case
before the Court is not such a dispute. Rather, the instant
controversy is between GECC as a third-party beneficiary to the
agreement and Consolidated.[1]

Where a dispute arises as to who is entitled to the Escrow
funds, outside of the seller/buyer versus Escrow Holder scenario

---

[1] Both Reinhart and Comerica have disclaimed any interest in the Escrow
funds, leaving on Consolidated and GECC as claimants. (Rec. Doc. No. 97-1).

described above, the Escrow Agreement provides for a different procedure. In that circumstance, if there is "any disagreement or [] presentation of any adverse claim or demand in connection with the disbursement of the Escrow Funds, except as otherwise provided herein" then "the Escrow Holder [Comerica] may, but is not required to, file a suit in interpleader and obtain an order from the court requiring the parties to interplead and litigate in such court adverse claims or demands raised . . ." Escrow Agreement at ¶ 3.3 (b). That is exactly the set of facts before the Court at this time. Comerica, presented with competing claims by GECC and Consolidated, instituted the instant interpleader action to resolve those claims.

Consolidated, in its four separate briefings on this issue, offers no competing interpretation of the Interpleader Clause. Instead, Consolidated simply chooses to ignore it. Because the Court may not merely disregard provisions of a contract, but instead must give effect to all provisions agreed to by the parties, *see* 5A Mich. Civ. Jur. Contracts § 152[2], the Court cannot accept Consolidated's argument that the Escrow Agreement contemplates all disputes being resolved through arbitration. Rather, the circumstances in the instant case are precisely the facts that the Escrow Agreement provides may be subject to an

---

[2] The Court previously held that the Escrow Agreement, per its terms, is governed by Michigan law. (Rec. Doc. No. 92 at 16-17).

interpleader action.

In place of an argument on what the Interpleader Clause could mean other than to allow an interpleader claim given the facts of the instant case, Consolidated instead asserts that the Interpleader Clause renders the Escrow Agreement ambiguous, therefore requiring arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."); *Pers. Sec. & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir.2002). Contrary to Consolidated's reading of the Agreement, the Interpleader Clause and the Arbitration Clause are not ambiguous or in conflict. Rather, as already recognized, the Arbitration clause only covers disputes exclusively between Consolidated and/or Reinhart against Comerica. Once another party seeks to claim the funds, an interpleader action is proper – leading to no conflicting or ambiguous results.

Consolidated next argues that the Court should stay ruling in the instant case, to allow resolution of Consolidated's pending arbitration with Comerica. This argument fails. The party entitled to the Escrow Funds is directly dependant on the instant litigation. That is precisely the reason that the arbitrator in the pending arbitration stayed arbitration pending this action. *See* Order on Respondent's Expedited Request to Stay Arbitration (Order #3) (Rec. Doc. No. 54-1 at 2). The Court finds no cause to

postpone the pending case, given that all claims are properly before the Court at this time.[3]

Accordingly, and for the reasons enumerated above **IT IS ORDERED** that Comerica's Motion to Deposit Funds Into the Court's Registry (Rec. Doc. No. 28) is **GRANTED**.[4] Comerica, following its deposit of funds with the Court, is dismissed from the instant case with the Court maintaining jurisdiction over it for the limited purpose of considering Comerica's claim for attorneys' fees.

**IT IS FURTHER ORDERED** that Consolidated's Motion to Compel Arbitration (Rec. Doc. No. 33) and Supplemental Motion to Compel Arbitration or In the Alternative Motion to Stay (Rec. Doc. No. 97) are **DENIED**.

New Orleans, Louisiana, this 30th day of April, 2014.

_____

UNITED STATES DISTRICT JUDGE

---

[3] This case is distinguished from the cases cited by Consolidated in favor of stay. *See Harvey v. Joyce*, 199 F.3d 790 (5th Cir. 2000); *In re Hornbeck Offshore (1984) Corp.*, 981 F.2d 752 (5th Cir. 1993). Here, unlike in those cases, the parties specifically contemplated an interpleader action in lieu of arbitration. As the Court has already held, the action brought by Comerica falls squarely within that interpleader provision. Accordingly, the Court is not forced to chose between arbitration or stay. Rather, giving effect to the parties' clear intentions, interpleader is the type of action contemplated by the agreement in these circumstances.

[4] The Court maintains jurisdiction to hear the interpleader under FED R. CIV. PROC. 22 and 28 U.S.C. § 1335. No party has challenged that grant of jurisdiction.